Daniel T. Quinn
Alaska Bar No. 8211141
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 276-5727
Fax: (907) 276-2953
dquinn@richmondquinn.com

Attorneys for Defendant
Corrections Corporation of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CARL E. BROWN as Next Friend of JAMES E. CARTER, <br><br> Plaintiff, <br><br> v. <br><br> CORRECTIONS CORPORATION OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 3:13-cv-0001-SLG

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12(b)(1) & (6), Alaska Rules of Civil Procedure, Defendant

Corrections Corporation of America ("CCA") moves for dismissal of this action on the

grounds that Plaintiff, Carl E. Brown, lacks standing to bring suit as "next friend" of

decedent, James E. Carter, and the matter was not brought within the applicable statute

of limitations.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

# I. FACTUAL BACKGROUND[1]

Plaintiff, Carl E. Brown, filed the Complaint on or about December 13, 2012.[2] (Complaint, attached as Exhibit 1 hereto). Defendant CCA, the only named defendant, received notice of the Complaint on or about December 14, 2012. The Complaint states that Plaintiff, Carl E. Brown, is suing as "next friend" of James E. Carter, who is deceased. (Id. at 1). Although not specifically alleged, it appears that Plaintiff is an Alaskan prisoner currently incarcerated at the Hudson Correctional Facility in Hudson, Colorado. (Id.). The Complaint does not allege that Plaintiff is a statutory beneficiary or the personal representative of Carter's estate.[3] (See generally Complaint).

According to the Complaint, decedent was a prisoner of the State of Alaska who was originally incarcerated at CCA's Red Rock Correctional Center ("RRCC") in Eloy, Arizona pursuant to a correctional services contract between CCA and the

---

[1] For the purposes of this Motion to Dismiss only, all allegations asserted in the Complaint are assumed as true.

[2] The Complaint refers to both Carl E. Brown and James E. Carter as "Plaintiff". For ease of reference, this Motion will refer to Carl E. Brown as Plaintiff and James E. Carter as decedent.

[3] The Complaint does allege that because Plaintiff is a "member" of the Cleary Final Settlement Agreement in *Rathke v. Corr. Corp. of Am.*, 153 P.3d 303 (2007) (holding that plaintiff was intended third-party beneficiary of contract between CCA and Alaska), he is a third-party beneficiary in the "above-captioned case." This statement is obviously referring to Plaintiff being a third-party beneficiary to the CCA-Alaska contract for the breach of contract claim, as opposed to a beneficiary of decedent's estate.

Defendant Corrections Corporation of America's Motion to Dismiss Plaintiff's Complaint
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 2 of 11

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Alaska Department of Corrections ("ADOC"). (Complaint at 1-2). On some unknown date, decedent was transferred from CCA's custody to a prison facility in Hudson, Colorado.[4] (Id.). The Complaint further alleges that although the "cause of action accrued" while decedent was incarcerated in Hudson, Colorado, "the chain of events that eventually led to Carter's death began while he was under the care of medical personnel" while he was incarcerated at RRCC. (Id. at 1).

The Complaint asserts two causes of action: a medical negligence claim and a breach of contract claim. (Id. at 4-8). Specifically, the Complaint alleges that decedent was denied adequate medical care when he was misdiagnosed with, and improperly treated for, a urinary tract infection from April 2007 to February 2008, and was denied the opportunity to give informed consent in February 2008, while incarcerated at RRCC. (Id. at 2-6). The Complaint further alleges that the denial of reasonable and adequate medical care constitutes a breach of the contract between CCA and ADOC, of which decedent is a third-party beneficiary. (Id. at 6-7). The latest conduct alleged in the Complaint occurred in October 2008. (Id. at 4).

---

[4] It appears from the medical records attached to the Complaint that decedent was being treated in Colorado (not by CCA) in February 2010, so he necessarily had to be transferred from CCA's RRCC facility in Arizona before that date.

Defendant Corrections Corporation of America's Motion to Dismiss Plaintiff's Complaint
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 3 of 11

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

## II. LEGAL ARGUMENT

### A. Plaintiff Lacks Standing To Bring Suit.

Lack of standing is properly raised in a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Ruckle v. Anchorage School District*, 85 P.3d 1030, 1033 (Alaska 2004). "Standing is a 'rule of judicial self-restraint based on the principle that courts should not resolve abstract questions or issue advisory opinions.'" *Id.* at 1034. A person has standing when that person possesses a direct interest in the outcome of the litigation. *See Wagstaff v. Sup. Ct.,* 535 P.2d 1220 (Alaska 1975). Economic injury is a necessary component in any determination of standing in a civil case. *Id.* at 1225 (citing *Sierra Club v. Morton*, 405 U.S. 727, 734-35, 29 S.Ct. 1361 (1972)). In *Sierra Club v. Morton*, the Supreme Court speaks of standing in terms of 'injury-in-fact' to the party seeking review. 405 U.S. 727, 734-35, 29 S.Ct. 1361 (1972). "'Injury in fact' reflects the . . . requirement that a person be 'adversely affected' or 'aggrieved' and it serves to distinguish a person with a direct stake in the outcome of litigation – even though small – from a person with a mere interest in the problem." *Id.* (citing *United States v. SCRAP*, 412 U.S. 669, 689, n.14, 93 S.Ct. 2405, 2417)). In Alaska, this requirement is referred to as 'interest-injury standing', which requires a plaintiff to have a "sufficient personal stake" in the outcome of the

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant Corrections Corporation of America's Motion to Dismiss Plaintiff's Complaint
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 4 of 11

controversy and "an interest which is adversely affected by the complained-of conduct." *Kelly v. French*, 205 P.3d 299, 304 (Alaska 2009).

Here, Plaintiff improperly attempts to assert standing in this litigation for economic injury that he did not incur. Plaintiff seeks compensatory and punitive damages. However, Plaintiff's Complaint fails to allege that Plaintiff suffered any economic harm as a result of the alleged negligent medical care provided to decedent, or has a direct interest which is adversely affected by the alleged medical negligence provided to decedent. To the contrary, the only relationship alleged between Plaintiff and decedent is that of "next friend," apparently as fellow inmates at the Hudson Correctional Center. For this reason, Plaintiff lacks standing to bring this Complaint.

Plaintiff also lacks standing to sue on behalf of decedent under Alaska's wrongful death statute. Pursuant to AS § 09.55.580(a):

> [W]hen the death of a person is caused by the wrongful act or omission of another, the *personal representatives* of the former may maintain an action therefor against the latter, if the former might have maintained an action, had the person lived, against the latter for an injury done by the same act or omission.

(emphasis added). AS § 09.55.570 further states that "all causes of action by one person against another . . . survive to the *personal representatives* of the former . . ." (emphasis added). The requirement that only a personal representative may bring suit on behalf of a decedent's estate and/or his statutory beneficiaries is consistent with the

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant Corrections Corporation of America's Motion to Dismiss Plaintiff's Complaint
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 5 of 11

primary purpose of the wrongful death statute, which is "to compensate those who suffer a direct loss." *In re Pushruk*, 562 P.2d 329, 331 (Alaska 1977).

In this case, Plaintiff's Complaint fails to allege or set forth any facts indicating that he was appointed as the personal representative of decedent's estate so as to confer standing for Plaintiff to sue on behalf of decedent's estate (and any statutory beneficiaries). Rather, the Complaint only identifies Plaintiff as decedent's "next friend", which is wholly insufficient under Alaska's wrongful death statute.[5] Indeed, allowing Plaintiff to file suit and receive damages for decedent's death would allow any self-proclaimed "friend" of a decedent to collect damages, without the consent of statutory beneficiaries, and without suffering any direct loss or economic damages. This result would certainly undermine the standing requirement and the purpose of the wrongful death statute.

Because Plaintiff has no standing to seek damages for himself related to decedent's death, and because Plaintiff is not the personal representative of decedent's estate, Plaintiff has no standing to sue and the Complaint should be dismissed in its

---

[5] For purposes of this Motion only, Defendant assumes Alaska law applies in determining standing to sue. However, dismissal would still be required even if Arizona law is applied, as Arizona's wrongful death statute also requires the appointment of a personal representative or that the action be brought by a statutory beneficiary (spouse, child, parent or guardian). *See* A.R.S. § 12-612(A). Defendant reserves the right to assert that Arizona law applies to Plaintiff's claims as the medical care complained of took place in Arizona.

Defendant Corrections Corporation of America's Motion to Dismiss Plaintiff's Complaint
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 6 of 11

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

entirety.

**B.      The Complaint Was Not Filed Before the Applicable Statute of Limitations Period Expired.**

In addition to lack of standing, Plaintiff's Complaint must be dismissed as untimely. "The failure to file a complaint within the time set out by the statute of limitation is a ground for a 12(b)(6) dismissal." *Kaiser v. Umialik Ins.*, 108 P.3d 876, 879 (Alaska 2005). The purpose of statutes of limitations is to eliminate the injustice which may result from the litigation of stale claims. *Pedersen v. Zielski*, 822 P.2d 903, 907 (Alaska 1991) (citing *Johnson v. City of Fairbanks*, 583 P.2d 181, 187 (Alaska 1978)).

Alaska,[6] along with most other jurisdictions, has adopted the discovery rule which states that the statute of limitations does not begin to run until the claimant discovers, or reasonably should have discovered, the existence of the elements essential to his cause of action. *Pedersen*, 22 P.2d at 907. Thus, in medical negligence claims, the statute of limitations begins to run when the injured party has actual notice of the negligence or, in the exercise of ordinary care, should have known

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

---

[6] For purposes of this Motion only, Defendant assumes Alaska law applies in determining the timeliness of Plaintiff's Complaint. However, even assuming Arizona law applies, Plaintiff's claims are still untimely because a two-year statute of limitations would apply. *See* A.R.S. § 12-542. Defendant reserves the right to assert that Arizona applies to Plaintiff's claims as the medical care complained of took place in Arizona.

Defendant Corrections Corporation of America's Motion to Dismiss Plaintiff's Complaint
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 7 of 11

of the negligence. *See Sharrow v. Archer*, 658 P.2d 1331, 1333 (Alaska 1983).

In the instant case, Plaintiff's Complaint was filed well after the expiration of the statute of limitations. The statute of limitations for Plaintiff's medical negligence claims is two years. AS § 09.10.070 ("a person may not bring an action . . . for personal injury or death . . . unless the action is commenced within two years of the accrual of the cause of action). The statute of limitations for Plaintiff's breach of contract claim is three years.[7] AS § 09.10.053 ("Unless the action is commenced within three years, a person may not bring an action upon a contract or liability").

The latest conduct by CCA (or anyone) alleged in the Complaint occurred in October, 2008. (Complaint at 4). All allegedly negligent conduct by CCA is to have occurred before that date. More importantly, although the Complaint does not state when decedent died, that date is irrelevant because the Complaint affirmatively establishes that decedent had actual knowledge of a possible cause of action for the alleged negligent conduct by CCA in February 2008: "As early as 02/28/08, Mr. Carter was aware the growth was suspicious for carcinoma and had two weeks to

---

[7] Because Plaintiff's breach of contract claim is really asserting a personal injury claim based on medical negligence, the two-year statute of limitations for medical negligence claims likely applies. *See Pedersen v. Flannery*, 863 P.2d 856, 857-58 (Alaska 1993) (holding that plaintiff's breach of contract claim was based on medical negligence as to invoke the two-year statute of limitations). However, to give Plaintiff the benefit of the doubt, and because his claims were filed after both statute of limitations lapsed, this Motion will assume the three-year statute of limitations applies.

Defendant Corrections Corporation of America's Motion to Dismiss Plaintiff's Complaint
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 8 of 11

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

contemplate what course of action he wished to take . . ." (Id. at 5). The Complaint further alleges that the carcinomatous lesions were removed without Mr. Carter being given the option of complete bladder removal, which "would have served to eliminate all other difficulties arising out of the fulguration of the lesions such as acute renal failure and loss of the function of a kidney." (Id. at 5-6). Thus, the Complaint makes clear that decedent was aware that he was allegedly misdiagnosed with, and mistreated for, a urinary tract infection as early as February 2008. Likewise, decedent knew he was allegedly denied informed consent in that same month. His claims, therefore, accrued in February 2008, or at the very latest, October 2008 when the latest negligent conduct occurred.

Assuming the latest date of negligent conduct alleged in the Complaint of October 2008, and assuming the longest statute of limitations of three years, Plaintiff was required to file the lawsuit no later than October 2011. As it stands, however, Plaintiff did not file this lawsuit until approximately December 13, 2012, more than a year after the statute of limitations expired. Plaintiff's lawsuit must, therefore, be dismissed in its entirety, with prejudice.

## III.   CONCLUSION

Because Plaintiff lacks standing to bring suit as decedent's "next friend", this Court lacks subject matter jurisdiction and the Complaint must be dismissed as a

Defendant Corrections Corporation of America's Motion to Dismiss Plaintiff's Complaint
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 9 of 11

Case 3:13-cv-00001-SLG   Document 4   Filed 01/04/13   Page 9 of 11

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

matter of law.   Even assuming Plaintiff has standing to bring suit, applying the

applicable statute of limitations of either two or three years requires dismissal of the

Complaint as untimely.   Defendant, therefore, requests this Court to dismiss Plaintiff's

Complaint in its entirety, with prejudice.

DATED this 4th day of January, 2013, at Anchorage, Alaska.

RICHMOND & QUINN

By  /s/ Daniel T. Quinn
    Daniel T. Quinn
    Alaska Bar No. 8211141
    360 K Street, Suite 200
    Anchorage, AK  99501
    Ph:  (907) 276-5727
    Fax: (907) 276-2953
    dquinn@richmondquinn.com

Attorneys for Defendant
Corrections Corporation of America

Defendant Corrections Corporation of America's Motion to Dismiss Plaintiff's Complaint
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 10 of 11

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

# CERTIFICATE OF SERVICE

I certify that on January 4, 2013, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing.

I hereby certify that on January 4, 2013, I served the attached document by mail on the following, who is not a registered participant of the CM/ECF System:

Carl E. Brown, #66096
HUDSON CORRECTIONAL CENTER
3001 N. Juniper Street
Hudson, CO  80642


/s/ Daniel T. Quinn
RICHMOND & QUINN

Defendant Corrections Corporation of America's Motion to Dismiss Plaintiff's Complaint
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 11 of 11

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953