IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CARL E. BROWN,<br><br>      Plaintiff,<br>  v.<br><br>CORRECTIONS CORPORATION OF AMERICA,<br><br>      Defendant. | Case No. 3:13-cv-00001-SLG |

## ORDER GRANTING MOTION TO DISMISS

Before the Court is a Motion to Dismiss Plaintiff's Complaint filed by defendant Corrections Corporation of America ("CCA") at Docket 4. CCA filed a supplement at Docket 8. Plaintiff Carl E. Brown, representing himself, opposed the motion at Docket 15. CCA replied at Docket 17. Oral argument was not requested and is not necessary to the Court's determination of this motion. For the reasons explained below, CCA's motion will be GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

CCA operates prison facilities by contract for the State of Alaska. Mr. Brown has brought this action as "next friend" of James E. Carter.[1] The facts, as alleged in the Complaint and accepted as true for purposes of this motion, are as follows:

In 2007 and 2008, Mr. Carter was incarcerated at Red Rock Correctional Center, a CCA-operated prison facility in Eloy, Arizona.[2] In April 2007, Mr. Carter reported to

---

[1] Docket 1-1 at 2.

[2] Docket 1-1 at 2. At some point after that time, Mr. Carter was moved to a facility in Hudson, Colorado and no longer treated by CCA health care providers. Docket 1-1 at 2; Docket 4 at 3, n.4.

the prison medical staff with painful and frequent urination. Mr. Carter was treated for a urinary tract infection for several months but was eventually determined to be suffering from bladder carcinoma. By February 28, 2008, "Mr. Carter was aware the growth was suspicious for carcinoma[.]"[3] On March 13, 2008, medical personnel "remov[ed] the carcinomatous lesions."[4] Specifically, they "performed a cystoscopy, removed tissue for biopsy and then fulgurated, (burned off by using electric current), the growth from which the material for biopsy was taken."[5] Mr. Carter continued to receive medical treatment for his bladder carcinoma after this procedure.[6]

CCA's supplement to its Motion to Dismiss at Docket 8 includes a copy of Mr. Carter's death certificate, of which this Court hereby takes judicial notice.[7] The certificate indicates that Mr. Carter died on October 7, 2010, and identifies "sepsis" and "urothelial cell carcinoma of the bladder" as the immediate causes of death.[8]

---

[3] Docket 1-1 at 6.

[4] Docket 1-1 at 6.

[5] Docket 1-1 at 6.

[6] *See* Docket 7 (medical records).

[7] Mr. Brown has indicated in an affidavit at Docket 16 that he has requested a copy of the death certificate to verify the date of death. At Docket 19, Mr. Brown submitted a document expressing his belief that Mr. Carter had died "on October 5th or 6th, 2010." Docket 19-1 at 1. The date of death on the certificate provided by CCA is October 7, 2010. Given the evident authenticity of the death certificate and the fact that Mr. Brown's estimate of Mr. Carter's date of death is consistent with the information contained therein, the Court has determined that judicial notice of the death certificate—as an undisputed matter of public record—is appropriate. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (court may take judicial notice of certain facts without converting motion to dismiss to summary judgment motion). Moreover, the Court's analysis would not be affected by the minor difference in dates (October 5 or 6 versus October 7) that may exist.

[8] Docket 8-3 at 1.

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order Granting Motion to Dismiss
Page 2 of 7
Case 3:13-cv-00001-SLG   Document 20   Filed 04/29/13   Page 2 of 7

Mr. Brown alleges that "[t]he preliminary report dated [March 13, 2008] made no mention of any offer of alternative treatment to fulguration or even if there was an alternative."[9] He alleges that Mr. Carter had previously "decided that . . . complete bladder removal was the only sensible option" and that had Mr. Carter been provided a choice as to the method of treatment administered in March 2008, he would have chosen "complete bladder removal[.]"[10] Mr. Brown alleges that this choice "would not have resulted in a chain of events that led to [Mr. Carter's] eventual death."[11]

Mr. Brown filed the Complaint that initiated this action, together with a petition to proceed as next friend for Mr. Carter, in Alaska Superior Court on October 29, 2012.[12] The petition was granted and the Complaint was accepted for filing on November 27, 2012.[13] The Complaint asserts negligence, wrongful death, and breach of contract claims and seeks compensatory and punitive damages. CCA removed this action to federal court on January 3, 2013.[14] CCA's Motion to Dismiss, filed on January 4, 2013, seeks dismissal of the Complaint on the grounds that this suit is barred by the applicable statute of limitations and that Mr. Brown lacks standing to bring this suit on behalf of Mr. Carter.[15]

---

[9] Docket 1-1 at 6.

[10] Docket 1-1 at 6.

[11] Docket 1-1 at 6.

[12] Docket 8-1 at 1 (Ex. 1).

[13] Docket 8-2 at 5 (Ex. 2).

[14] Docket 1.

[15] Docket 4.

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order Granting Motion to Dismiss
Page 3 of 7
Case 3:13-cv-00001-SLG   Document 20   Filed 04/29/13   Page 3 of 7

## DISCUSSION

I. **Jurisdiction.**

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

II. **Analysis**

CCA makes two separate arguments for dismissal. It argues (1) that the applicable statutes of limitations bar this action; and (2) that Mr. Brown lacks standing to assert claims on behalf of Mr. Carter. As explained below, the Court finds the statute of limitations argument to be dispositive. Thus, it does not reach CCA's alternative standing argument.

Federal Rule of Civil Procedure 12(b)(6) permits a party to seek dismissal of an action for failure to state a claim for which relief can be granted. This Court applies the "facial plausibility" pleading standard as analyzed by the Supreme Court in *Ashcroft v. Iqbal*.[16] Under that standard, to survive a Rule 12(b)(6) motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[17] Because Mr. Brown is self-represented, the Court must liberally construe his pleadings and give him the benefit of the doubt.[18] Before dismissing the

---

[16] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[18] *See Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)], 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted).

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order Granting Motion to Dismiss
Page 4 of 7
Case 3:13-cv-00001-SLG   Document 20   Filed 04/29/13   Page 4 of 7

action, the Court must provide Mr. Brown with an opportunity to amend, unless it is clear that amendment would be futile.[19]

As this is a diversity action, the Court applies state law to determine the applicable statute of limitations. In Alaska, the statute of limitations is two years for tort claims and three years for contract claims.[20]

### A. Negligence Claim.

For tort claims, including claims for negligence, a cause of action accrues and the statute begins to run on the date the plaintiff "discovers, or reasonably should have discovered, the existence of the elements essential to his cause of action."[21]

The Complaint asserts negligence claims arising from two separate occurrences. First, the Complaint alleges that Mr. Carter was misdiagnosed with a urinary tract infection and treated for that infection from April of 2007 until February of 2008, rather than receiving treatment for the bladder carcinoma.[22] Second, the Complaint alleges that on March 13, 2008, Mr. Carter was not provided the opportunity to select his preferred mode of treatment—bladder removal—for his carcinoma.[23] Thus, the conduct

---

[19] *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("*Pro se* complaints . . . may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (citations and internal quotations omitted); *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) ("The district court did not err in denying leave to amend because amendment would have been futile.").

[20] AS § 09.10.070 (tort); AS § 09.10.053 (contract).

[21] *Pedersen v. Zielski*, 822 P.2d 903, 906 (Alaska 1991) (citing *Mine Safety Appliances Co. v. Stiles*, 756 P.2d 288, 291 (Alaska 1988)).

[22] Docket 1-1 at 3, 5-6.

[23] Docket 1-1 at 6-7.

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order Granting Motion to Dismiss
Page 5 of 7
Case 3:13-cv-00001-SLG   Document 20   Filed 04/29/13   Page 5 of 7

forming the basis of the negligence claim last occurred in March 2008. As Mr. Brown did not initiate this action until October 29, 2012, over four years later, his negligence claim is barred by the statute of limitations and is therefore dismissed.[24]

### B. Wrongful Death Claim.

The limitations period for a wrongful death claim is two years.[25] The accrual date for a wrongful death claim is the date of death. Thus, the wrongful death cause of action accrued on or about October 7, 2010. As Mr. Brown initiated this action over two years later, the wrongful death claim asserted in the Complaint is barred by the statute of limitations and is therefore dismissed.

### C. Breach of Contract Claim.

For a breach of contract claim, the limitations period is three years.[26] Under Alaska law, the date of accrual for a breach of contract claim is the date of the alleged breach, not the date on which the injury or damage occurred.[27] Mr. Brown does not allege that there was any contract between CCA and Mr. Carter. Rather, he asserts that Mr. Carter was a third-party beneficiary of a contract between CCA and the State of Alaska that required CCA to obtain informed consent from a prisoner before undertaking any "treatment, non-routine examination or procedure."[28] But assuming without

---

[24] In his opposition to CCA's motion, Mr. Brown appears to acknowledge that the statute has run on the negligence claim. Docket 15 at 2.

[25] AS § 09.55.580.

[26] *K & K Recycling, Inc. v. Alaska Gold Co.*, 80 P.3d 702, 725 (Alaska 2003).

[27] *Id.* ("A contract cause of action usually accrues at the time of the breach of the agreement, rather than the time that actual damages are sustained as a consequence of the breach.") (citations omitted).

[28] Docket 1-1 at 7.

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order Granting Motion to Dismiss
Page 6 of 7
Case 3:13-cv-00001-SLG   Document 20   Filed 04/29/13   Page 6 of 7

deciding that Mr. Carter was a third-party beneficiary to such a contract, the conduct that forms the basis for the alleged breach of contract last occurred in March 2008. Mr. Brown initiated this action over four years after that date.[29] Thus, the breach of contract claim is barred by the statute of limitations and therefore dismissed.

Because the applicable statutes of limitations have all run, even when the facts are viewed in the light most favorable to Mr. Brown, the Court finds that amendment of the Complaint would be futile.[30]

## CONCLUSION

For the foregoing reasons, CCA's Motion to Dismiss Plaintiff's Complaint at Docket 4 is GRANTED. The Clerk of Court is directed to enter judgment for the defendant.

DATED at Anchorage, Alaska this 29th day of April, 2013.

/s/ *Sharon L. Gleason*
United States District Judge

---

[29] Mr. Brown appears to concede that the limitations period has expired for the breach of contract claim. Docket 15 at 2.

[30] No facts or argument have been presented in the filings that would support any basis for tolling the applicable limitations statutes. *See* Docket 17 at 4, n.3.