
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARL E. BROWN, as Next Friend of James E. Carter,<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>CORRECTIONS CORPORATION OF AMERICA,<br><br>        Defendant - Appellee. | No. 13-35423<br><br>D.C. No. 3:13-cv-00001-SLG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

      Alaska state prisoner Carl E. Brown, as Next Friend of deceased former Alaska state prisoner James E. Carter, appeals pro se from the district court's judgment dismissing this action alleging violations of state law in connection with

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Carter's medical treatment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

The district court properly dismissed the breach of contract and negligence claims as barred by the applicable statutes of limitations. *See* Alaska Stat. § 09.10.053 (three-year statute of limitations for breach of contract actions); § 09.10.070(a) (two-year statute of limitations for personal injury actions); *Nw. Airlines, Inc. v. Camacho*, 296 F.3d 787, 789 n.1 (9th Cir. 2002) ("[A] federal court sitting in diversity is bound to apply the statute of limitations of the forum jurisdiction.").

However, the district court improperly dismissed the wrongful death claim because Brown filed the complaint on September 26, 2012, which was within the two-year statute of limitations. *See* Alaska Stat. § 09.55.580(a) (two-year statute of limitations for wrongful death actions); *Mullin v. State*, 996 P.2d 737, 740 (Alaska Ct. App. 2000) ("[T]he relevant event is the filing of the [complaint] itself–even if the prisoner fails to accompany the [complaint] with either a filing fee or an application for reduced fee."). Moreover, because the district court dismissed all claims as barred by the applicable statutes of limitations, it did not address whether Brown had standing to assert claims on Carter's behalf. Accordingly, we vacate

the dismissal of the wrongful death claim and remand for the district court to consider the standing issue in the first instance.

We reject Brown's contention that the negligence and breach of contract claims are not barred by the statute of limitations because they are inextricably intertwined with the wrongful death claim.

Brown's "motion to supplement point of appeal," filed on June 17, 2013, is denied as unnecessary.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**