Daniel T. Quinn
Alaska Bar No. 8211141
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 276-5727
Fax: (907) 276-2953
dquinn@richmondquinn.com

Attorneys for Defendant
Corrections Corporation of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CARL E. BROWN as Next Friend of JAMES E. CARTER,<br><br>                    Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA,<br><br>                    Defendant. | Case No. 3:13-cv-0001-SLG<br><br>**DEFENDANT'S MOTION TO DISMISS COMPLAINT** |

Defendant Corrections Corporation of America ("CCA"), pursuant to Rule 12(b)(1) & (6), Fed. R. Civ. P., moves to dismiss the remainder of Plaintiff's Complaint on remand from the Ninth Circuit Court of Appeals, which affirmed the dismissal of all of Plaintiff's claims except a wrongful death claim.[1] To the extent such a claim is alleged in Plaintiff's Complaint, it should be dismissed because:

---

[1] CCA reserves its right to transfer venue under 28 U.S.C. § 1404(a), to the United States District Court for the District of Arizona if the Complaint is not dismissed.

(1) Brown lacks standing to bring the claim on behalf of Carter, his estate, and/or his surviving grandchildren; (2) the superior court never granted Brown authority to file or pursue a claim for wrongful death; (3) Brown lacks standing based on his own alleged economic injury; and (4) Brown fails to plead sufficient facts to support a plausible claim for relief. This Motion is supported by the following Memorandum of Points and Authorities, and the Court's record herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS AND PROCEDURAL BACKGROUND

Carl Brown is an Alaska Department of Corrections ("ADOC") inmate who, at the time the Complaint was filed, was incarcerated at the Hudson Correctional Facility in Hudson, Colorado, a facility unrelated to CCA.[2] According to the Complaint, which CCA accepts as true for the purpose of this motion only, Brown met Carter while they were both incarcerated at the Red Rock Correctional Center in Arizona, a facility owned and operated by CCA.

In April 2007, Carter reported to RRCC medical staff painful and frequent urination. (Doc. 4-1 at 2, ¶ 1.) The medical staff assessed symptoms of a urinary tract infection ("UTI") and treated Carter for UTI over the next few months. (Id. at 2-3, ¶¶ 2-3.) In August 2007, medical staff referred him to an urologist. (Id. at

---

[2] Brown is currently incarcerated at the Spring Creek Correctional Center.

Defendant's Motion to Dismiss
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 2 of 19

Case 3:13-cv-00001-SLG   Document 37   Filed 06/17/15   Page 2 of 19

3, ¶ 3.) In October 2007, the urologist ordered a complete work-up. (Id, ¶ 4.) In December 2007, Carter received a CT scan that revealed an enlarged prostate, but the "kidneys were free of cysts, stone masses and hydronephrosis," and there were no enlarged lymph nodes. (Id. at ¶ 8.)

In February 2008, a cystoscopy revealed that Carter had developed a tumor on the posterior wall of his bladder. (Id., ¶ 7.) Carter was aware from this procedure that he might have cancer. (Id. at 5.) Over the next two weeks, Carter contemplated "what course of action he wished to take" and "decided [that] complete bladder removal was the only sensible option and that reliance on an external synthetic bladder was acceptable" to treat his cancer. (Id.)

On March 13, 2008, another cystoscopy was performed, a biopsy of tissue taken, and the area fulgurated.[3] (Id. at 3, ¶ 10, & at 5.) The Complaint alleges that, on this date, the urologist failed to give Carter the option to completely remove his bladder or discuss alternative treatments before fulgurating the tissue. (Id. at 5.) The Complaint, however, does not show that Carter asked for complete bladder removal at any time before, on, or after March 13, 2008. (Id. at 1-9.)

Carter developed cancer sometime before August 2008. (Id. at 3-4, ¶¶ 10-18.) At some unknown date thereafter, Carter was transferred from CCA's

---

[3] "Fulguration" is the process of burning off tissue with an electric current. (Doc. 1-1 at 6.)

Defendant's Motion to Dismiss
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 3 of 19

Case 3:13-cv-00001-SLG   Document 37   Filed 06/17/15   Page 3 of 19

custody to a prison facility in Hudson, Colorado. (Id. at 1.) Carter's death certificate shows that he died of "sepsis" and "bladder cancer" on October 7, 2010. (Doc. 8-3 at 1.)

### A. The Complaint and Petition to Proceed as Next Friend

On September 26, 2012, Brown submitted a Complaint "as Next friend of James E. Carter" in the Superior Court for the State of Alaska, Third District of Anchorage, alleging two causes of action against CCA: (1) medical negligence for the alleged misdiagnosis and treatment of Carter for UTI between April 2007 and February 2008; and (2) breach of contract for the alleged failure to provide Carter adequate medical care during those months, and to offer him complete bladder removal or discuss alternative treatments in March 2008.[4] (Doc. 1-1 at 5-9.) Although the first sentence of the Complaint states that Brown was also bringing a "wrongful death" claim on Carter's behalf, it is never mentioned again. (Doc. 1-1 at 1-9.)

---

[4] The Complaint contains two date stamps: (1) the October 29, 2012 conformed date; and (2) a September 26, 2012 date stamp that the superior court clerk crossed out. (Doc. 1-1 at 1.) It appears Brown failed to comply with the mandatory filing requirements for commencing prisoner litigation pursuant to A.S. § 09.19.010, until October 29, 2012, which is the date the superior court later accepted as the filing date. (Doc. 7-6 at 1-2; Doc. 7-12 at 1.) CCA relied on this as the filing date in previously moving to dismiss on statute of limitations grounds. (Id.)

Defendant's Motion to Dismiss
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 4 of 19

Case 3:13-cv-00001-SLG   Document 37   Filed 06/17/15   Page 4 of 19

### B. Limited Appointment to File Survivorship Claims On Behalf of the Estate.

With the Complaint, Brown filed a Petition to Proceed as "Next Friend", requesting the superior court to grant him "next friend" standing to file the Complaint on behalf of Carter's estate. (Doc. 7-8 at 1-3.) On November 27, 2012, the superior court converted the Petition to Proceed as Next Friend into a petition for special appointment that authorized him to file the complaint on behalf of the estate. (Doc. 7-10.) The superior court found that the Complaint raised only two claims: (1) "a medical malpractice claim against CCA on behalf of Carter"; and (2) "CCA failed to provide Carter adequate medical attention prior to his death in violation of its duty of care and its contract with the State of Alaska." (Id. at 1.) It expressly found, however, that "Brown does not claim CCA caused Carter's death." (Id.)

Although it also held that Brown was ***not*** a personal representative of Carter's estate, the superior court noted that medical negligence is a survivorship claim under A.S. 09.55.570, and was concerned about the statute of limitations running on that claim: (Doc. 7-10 at 2 & n.2.)

> Although Brown does not identify the date of Carter's death, he does allege that there were acts of misdiagnosis or failure to treat in or around 2008. Thus it is possible that Carter died soon thereafter. Unless the statute of limitation is tolled for some reason, Brown will have to file the negligence lawsuit soon if Carter died in late 2010, or early 2011. If Carter died before then, the lawsuit may be untimely already.

Defendant's Motion to Dismiss
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 5 of 19

Case 3:13-cv-00001-SLG   Document 37   Filed 06/17/15   Page 5 of 19

(Doc. 7-10 at 1-4.) The superior court stated that it is "missing much information about the alleged death of Carter and the state of affairs just before and after his death":

> Perhaps a probate case has been opened and closed.
> Perhaps a negligence claim has already been filed.
> Perhaps Carter's family elected not to pursue a negligence claim.

(Id.) Given this lack of information, the superior court determined that "it would be prudent to allow Brown to file *on behalf of the estate* and then later identify the interested parties and appoint a proper personal representative. The personal representative could then determine [whether] to pursue the claim that Brown began." (Id. at 4-5.)

The superior court, therefore, granted Brown *"the limited authority to file a complaint on behalf of the Estate, alleging negligence and medical malpractice and related claims."* (Doc. 7-10 at 4, emphasis added.) The superior court temporarily waived the filing fee and retroactively accepted the Complaint for filing on October 29, 2012. (Id.; Doc. 7-9 at 1.) The superior court did not, however, authorize Brown to file a wrongful death claim, nor did it authorize him to pursue any claims beyond filing the Complaint. (Doc. 7-10 at 1, 4-5.)

C. **Prior Dismissal and Appeal**

After Brown served CCA with the Complaint, the case was removed to this

Defendant's Motion to Dismiss
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 6 of 19

Case 3:13-cv-00001-SLG   Document 37   Filed 06/17/15   Page 6 of 19

Court. (Doc. 1.) On January 4, 2015, CCA moved to dismiss under Rule 12(b)(1) and (6), arguing that Brown lacked standing because: (1) he suffered no injury; (2) his alleged status as "next friend" was insufficient to establish standing; and (3) he is not the personal representative of Carter's estate. (Doc. 4 at 1-6; Doc. 8 at 5-7; Doc. 17 at 5-8.) In addition, CCA argued that the statute of limitations had expired on all claims because more than two years had lapsed between the date of Carter's death and the October 29, 2012 filing date shown on the Complaint. (Doc. 4 at 7-9; Doc. 8 at 1-5.)

Brown acknowledged that the statute of limitations had indeed expired on the negligence and breach of contract claims, but argued they were inextricably intertwined with some vague claim for "wrongful death" that he did not plead, and the allegations of the Complaint did not support. (Doc. 15.) He asserted standing, alleging that he was injured because Carter had hired him to provide legal assistance, but when Carter became too ill to work and earn income, Brown continued providing legal services in exchange for the promise of future compensation. (Doc. 15 at 2-3.) Brown also attempted to submit a "Power of Attorney" purporting to show that Carter authorized him "to pursue any and all civil actions relevant to decedent's death." (Doc. 16 at 2.)

On April 29, 2013, this Court dismissed the Complaint on grounds that the

Defendant's Motion to Dismiss
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 7 of 19

Case 3:13-cv-00001-SLG Document 37 Filed 06/17/15 Page 7 of 19

claims were time-barred. (Doc. 20 at 7.) The Ninth Circuit affirmed the dismissal of the negligence and breach of contract survivorship claims, but vacated the dismissal of the wrongful death claim, finding that, for the purposes of the statute of limitations, the filing date was actually September 26, 2012, when Brown originally submitted the Complaint (not the October 29, 2012 date noted by the superior court as the filing date). Because the issue of standing had not been addressed, it remanded for this Court to determine whether Brown lacks standing to bring a wrongful death claim on behalf of Carter's estate.

II. **BROWN LACKS STANDING TO BRING THESE CLAIMS.**

   A. **Brown Does Not Have Standing as Carter's "Next Friend."**

   1. **The Superior Court did not grant Brown standing to bring a Wrongful Death action.**

As an initial matter, the superior court did not grant Brown standing to pursue *any* claims as Carter's "next friend," much less a wrongful death action on behalf of the estate. Rather, the superior court treated Brown's Petition to Proceed as Next Friend as an emergency appointment, finding that although he was not a personal representative of the estate, he should be allowed to file medical negligence and breach of contract claims on behalf of the estate to preserve the statute of limitations. Moreover, the superior court expressly found that "Brown does not claim CCA caused Carter's death," further precluding Brown from

Defendant's Motion to Dismiss
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 8 of 19

Case 3:13-cv-00001-SLG Document 37 Filed 06/17/15 Page 8 of 19

bringing a wrongful death action. (Doc. 7-10 at 1.) The record thus negates any contention that the superior court granted Brown standing as "next friend" to pursue a wrongful death action against CCA.

### 2. Brown cannot bring a Wrongful Death Action on Behalf of Carter or His Estate.

In any event, Brown lacks standing to bring such a claim on behalf of Carter's estate. In Alaska, a wrongful death action is "a creature of statute" and governed by A.S. 09.55.580. *In re Estate of Maldonado*, 117 P.3d 720, 725 & n.21 (Alaska 2005) (citation omitted). Unlike survivorship actions under A.S. 09.55.570, which are derivative suits brought on behalf of the decedent to recover compensation for pre-death injuries—a claim for wrongful death is an "independent and distinct" action that is "intended to compensate those individuals who have suffered direct losses as a result of the decedent's death." *In re Estate of Maldonado*, 117 P.3d 720, 725 n.28 (Alaska 2005). Thus, when the decedent is survived by a "spouse, children, or other dependents" the real parties in interest are the survivors, and they have the *exclusive* rights to compensation for losses arising from wrongful death. *Id.* at 724-25.

Here, the estate cannot bring a wrongful death claim on behalf of Carter, because Carter is survived by *at least* two granddaughters, who Brown alleges were dependent on Carter for financial security, and were thus statutory

Defendant's Motion to Dismiss
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 9 of 19

Case 3:13-cv-00001-SLG   Document 37   Filed 06/17/15   Page 9 of 19

beneficiaries under A.S. 09.55.580(a). (Doc. 7-8 at 2-3.); *see Kulawik v. ERA Jet Alaska*, 820 P.2d 627, 635 (Alaska 1991) ("Only where no statutory beneficiary survives the decedent may the estate bring [wrongful death] suit."). As such, Brown lacks standing as a matter of law to bring a wrongful death action on Carter's behalf.

### 3. Brown lacks "Next Friend" standing to represent the granddaughters.

Nor can Brown establish "next friend" standing to bring a wrongful death claim on behalf of Carter's grandchildren. The "next friend" standing doctrine typically applies to petitions for writ of habeas corpus and requires that the "next friend" prove that: (1) *the real party in interest* is unable to appear to prosecute the action because of some form of incapacity that makes reliance on him necessary; and (2) the putative "next friend" is "truly dedicated to the best interests" of the real party in interest to litigate his claim, usually through some significant relationship. *See Whitmore v. Arkansas*, 495 U.S. 149, 162-63 (1990); *Vargas v. Lambert*, 159 F.3d 1161, 1166 (9th Cir. 1998). Brown cannot satisfy either prong.

Brown incorrectly contends that Carter is the real party in interest. The real parties in interest are Carter's surviving granddaughters, as well as any spouse, children, and other grandchildren who may have survived Carter. Thus,

Defendant's Motion to Dismiss
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 10 of 19

Case 3:13-cv-00001-SLG   Document 37   Filed 06/17/15   Page 10 of 19

Brown must establish "next friend" standing as to them. But Brown does not even assert standing on their behalf, much less show that the granddaughters suffer from some form of incapacity that prevents them from bringing their own wrongful death action. *See Whitmore*, 495 U.S. at 162-6. Nor has he shown that the granddaughters can rely on him to litigate the claim on their behalf and that he is "truly dedicated" to their best interests. *Id.* As discussed below at Section III.C, Brown claims that *he* has suffered an economic injury from unpaid legal services that he provided to Carter before his death. This presents a conflict of interest that precludes him from "truly" representing the best interests of Carter's surviving beneficiaries. Moreover, because Brown is not a licensed attorney, he is unable to represent the granddaughters in any litigation that may ensue.[5]

Under these circumstances, Brown cannot establish "next friend" status to bring a wrongful death action on behalf of either Carter or his surviving grandchildren.

---

[5] *See Randolph v. Nevada ex rel. Nevada Dep't of Corr.*, No. 3:13-CV-00148-RJC, 2014 WL 3725853, at *3 (D. Nev. July 24, 2014) ("Even if Greene were qualified to assert next-friend standing, the well-settled rule against lay representation would, nonetheless, impede his ability to appear on Plaintiff's behalf. Greene does not contend that he is an attorney, and a non-attorney has no authority to appear on behalf of anyone but himself.") (citing *United States v. French*, 748 F.3d 922, 933 (9th Cir. 2014) and *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)).

Defendant's Motion to Dismiss
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 11 of 19

Case 3:13-cv-00001-SLG   Document 37   Filed 06/17/15   Page 11 of 19

### B. Brown Lacks Standing as Special Administrator to Bring A Wrongful Death Claim.

Under Alaska's probate laws, a special administrator has the authority of a personal representative of the estate, "except as limited in the appointment and duties as prescribed in the order." A.S. 13.16.325. The appointment "may be for a specified time, to perform particular acts, or on other terms as the court may direct." *Id.* Moreover, "[t]he appointment of a special administrator terminates in accordance with the provisions of the order of appointment or on the appointment of a general personal representative." A.S. § 13.16.330.

Here, the superior court expressly found that "Brown was not the personal representative of Carter's estate." (Doc. 7-10 at 1.) Nothing in the order appointing him special administrator suggests otherwise. (Doc. 7-2 at 1-9; Doc. 8-1 at 1-3.) More important, the superior court's order did not grant Brown any authority to file a wrongful death action on behalf of Carter's estate or anyone else. To the contrary, the superior court expressly found that Brown was ***not*** claiming that CCA caused Carter's death:

> Brown has filed a medical malpractice claim against CCA on behalf of Carter. He claims CCA failed to provide Carter adequate medical attention prior to his death in violation of its duty of care and its contract with the State of Alaska. ***Brown does not claim CCA caused Carter's death.***

Defendant's Motion to Dismiss
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 12 of 19

(Doc. 7-10 at 1, emphasis added.) The Court also noted that it was missing important information, so it granted Brown only "**the limited authority to file a complaint on behalf of the Estate, alleging negligence and medical malpractice and related claims.**" (Doc. 7-10 at 4, emphasis added.)

Brown has since filed a Complaint, raising medical negligence and the related breach of contract claims against CCA. Those claims have also been dismissed. By its plain terms, the superior court's order granting Brown special administrator status has therefore expired. *See* A.S. 13.16.330 ("The appointment of a special administrator terminates in accordance with the provisions of the order of appointment or on the appointment of a general personal representative."). It therefore follows that Brown has no standing as a special administrator to file or pursue a wrongful death action against CCA.

### C. Brown Has No Injury to Establish Standing on His Own.

The constitutional minimum to establish standing requires that a plaintiff suffer an "injury in fact"—an invasion of a legally protected interest that is concrete and particularized, and not general or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). As discussed above, only the surviving statutory beneficiaries may bring a wrongful death action, so Brown cannot establish standing based on any losses he suffered as a friend. *In re Estate of*

Defendant's Motion to Dismiss
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 13 of 19

Case 3:13-cv-00001-SLG   Document 37   Filed 06/17/15   Page 13 of 19

*Maldonado*, 117 P.3d at 724-25.

In an attempt to cure this fatal defect, Brown alleged that he suffered an economic injury because Carter promised him "future compensation" for unpaid legal services he provided to Carter before his death.[6] But Brown is not a licensed attorney and has no "legally protected interest" in the unlawful practice of law—either in Alaska, where this Complaint was filed, or in Colorado, where the document was allegedly executed. *See e.g.,* A.S. 08.08.210 ("A person may not engage in the practice of law in the state unless the person is licensed to practice law in Alaska and is an active member of the Alaska bar); C.R.S. § 16-13-306 (practice of law without a license is a class 4 public nuisance). Thus, Brown has not suffered a cognizable injury as Carter's unpaid legal assistant to establish

---

[6] In response to the prior motion to dismiss, Brown offered a document purporting to show that Carter granted him a "Power of Attorney" to legally represent him in all civil actions against CCA, to obtain his medical records, to negotiate a settlement, *and* to keep half of any monetary settlement amount for his services. (Doc. 16.) This document should not be considered because it was not attached to the Complaint, and CCA objects to its authenticity. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (recognizing that in determining a motion to dismiss courts may consider documents not attached to the complaint only if their authenticity is not challenged). Indeed, the officer who allegedly notarized and signed the document has verified that it is a forgery. (See Decl. of M. Bylsma, Attached Exhibit 1.)

In any event, there is no reason for the Court to go beyond the pleadings and consider this document, as it cannot confer, as a matter of law, standing to bring a wrongful death action on behalf of Carter or his estate. *See supra* at Section II.A to C.

Defendant's Motion to Dismiss
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 14 of 19

Case 3:13-cv-00001-SLG   Document 37   Filed 06/17/15   Page 14 of 19

standing for a wrongful death claim.

## III. BROWN FAILS TO STATE A CLAIM FOR WRONGFUL DEATH.

Finally, Brown fails to plead sufficient facts to state a wrongful death claim against CCA. To survive a motion to dismiss, a claim must be plausible, meaning that the "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 55 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard is less than a probability but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint fails to state a claim if it pleads facts "that are merely consistent with a defendant's liability." *Id.* (citation omitted).

In Alaska, a claim for wrongful death requires the plaintiff to prove that the defendant's negligence "was the legal cause of the wrongful death." *Varilek v. McRoberts*, No. S-12348, 2008 WL 5192385, at *11 (Alaska Dec. 10, 2008) (unpublished decision). Damages are limited to those that are the natural and proximate consequence of the negligent act. *See* A.S. 09.66.580(b).

As the superior court correctly concluded, however, "Brown does not claim

Defendant's Motion to Dismiss
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 15 of 19

CCA caused Carter's death." (Doc. 7-10 at 1.) Although the Complaint lists "Wrongful Death" as a claim in the first sentence, it never mentions it again. (Doc. 1-1 at 1-9.) Instead, the Complaint only sets forth causes of action for medical negligence and breach of contract regarding Carter's medical care—both involving incidents that allegedly occurred between April 2007, and March 2008. (Doc. 1-1 at 5-9.) Brown supported those claims with factual allegations and a legal theory of liability, but failed to provide *any* factual content or theory to support a wrongful death claim against CCA. Indeed, the allegations show that Carter died in October 2010, approximately 2.5 years *after* his last allegation regarding the medical care he received from CCA, and obviously sometime after Carter left CCA's custody. Brown provides no information regarding Carter's medical condition and care in those 2.5 years, much less the events directly surrounding Carter's death. This is the very reason why the superior court found that it was "missing much information" to authorize Brown to even pursue the medical negligence and breach of contract claims once he filed the Complaint. (Doc. 7-10 at 1-4.) For the same reason, it cannot support a reasonable finding that CCA was the legal cause of Carter's death.

At most, the Complaint alleges the mere possibility that CCA might be liable for Carter's death. Brown has thus failed to meet the minimum pleading

Defendant's Motion to Dismiss
<u>Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America</u>
Case No. 3:13-cv-0001-SLG
Page 16 of 19

Case 3:13-cv-00001-SLG   Document 37   Filed 06/17/15   Page 16 of 19

requirements for a wrongful death claim under Rule 8(a), and the Complaint should be dismissed under Rule 12(b)(6).

## IV. REQUEST FOR ATTORNEYS' FEES AND COSTS

"A federal court exercising diversity jurisdiction must apply state law when ruling on a motion for an award of attorneys' fees." *City of Fairbanks v. Amoco Chem. Co.*, 836 F. Supp. 690, 691 (D. Alaska 1993) (citing *Klopfenstein v. Pargeter*, 597 F.2d 150, 152 (9th Cir. 1979)). Alaska law gives the Court liberal discretion to grant attorneys' fees to the prevailing party in a civil action under A.S. 09.60.010. *Id.*; *Raypath, Inc. v. City of Anchorage*, 544 F.2d 1019, 1022 (9th Cir. 1976) ("The Alaskan law, contrary to the federal law, has very liberal provisions for the award of attorneys' fees to the prevailing party.").

Here, CCA requests a full award of attorneys' fees and costs because the wrongful death claim is frivolous, devoid of good faith, and vexatious. Brown's claim that he has standing to bring a wrongful death action on behalf of Carter is frivolous because it is based on a forged document. Relying on that document, Brown also fraudulently claims that Carter authorized him to sue CCA, to access Carter's medical records, to legally represent Carter and negotiate a settlement, and to keep half the amount of any settlement award. (Ex. 1.) This demonstrates at least bad faith and vexatious conduct, if not criminal activity. CCA should be

Defendant's Motion to Dismiss
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 17 of 19

Case 3:13-cv-00001-SLG   Document 37   Filed 06/17/15   Page 17 of 19

awarded all reasonable fees and costs in defending this claim under A.S. 09.60.010 and the Court's inherent authority.

Alternatively, CCA requests an award of partial fees as the prevailing party under Alaska Rule of Civil Procedure 82(a). *See City of Fairbanks,* 836 F. Supp. at 693 (awarding partial fees to prevailing defendant even though the claim was not frivolous, devoid of good faith or vexatious).

## V. **CONCLUSION**

For the foregoing reasons, Brown lacks standing to bring a wrongful death action and, in any case, fails to state a plausible claim for relief based on Carter's alleged wrongful death. Defendants respectfully request dismissal with prejudice of the remainder of the Complaint.

DATED this 17th day of June, 2015, at Anchorage, Alaska.

RICHMOND & QUINN

By /s/ Daniel T. Quinn
Daniel T. Quinn
Alaska Bar No. 8211141
360 K Street, Suite 200
Anchorage, AK 99501
Ph: (907) 276-5727
Fax: (907) 276-2953
dquinn@richmondquinn.com

Attorneys for Defendant
Corrections Corporation of America

Defendant's Motion to Dismiss
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 18 of 19

Case 3:13-cv-00001-SLG   Document 37   Filed 06/17/15   Page 18 of 19

## CERTIFICATE OF SERVICE

I certify that on June 17th, 2015, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing.

I hereby certify that on June 17th, 2015, I served the attached document by mail on the following, who is not a registered participant of the CM/ECF System:

Carl E. Brown
Spring Creek Correctional Center
3600 Bette Cato
Seward, AK 99664


 /s/ Daniel T. Quinn
RICHMOND & QUINN

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Defendant's Motion to Dismiss
Carl E. Brown, as Next Friend of James E. Carter v. Corrections Corporation of America
Case No. 3:13-cv-0001-SLG
Page 19 of 19

Case 3:13-cv-00001-SLG   Document 37   Filed 06/17/15   Page 19 of 19