# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CARL E. BROWN, as Next Friend of JAMES E. CARTER,<br><br>        Plaintiff,<br>  v.<br><br>CORRECTIONS CORPORATION OF AMERICA,<br><br>        Defendant. | Case No. 3:13-cv-00001-SLG |

## ORDER RE MOTION TO DISMISS

Before the Court is a renewed Motion to Dismiss filed by Defendant Corrections Corporation of America ("CCA") at Docket 37. Plaintiff Carl E. Brown filed a response at Docket 41. CCA filed a reply at Docket 42. Mr. Brown submitted a supplement to his response to the motion at Docket 43.[1] Oral argument was not requested and was not necessary to the Court's determination of the motion. For the reasons explained below, CCA's motion to dismiss will be granted, but Mr. Brown will be granted leave to amend.

## FACTUAL AND PROCEDURAL BACKGROUND

CCA operated prison facilities by contract for the State of Alaska. Mr. Brown has brought this wrongful death action as "Next Friend" of James E. Carter, who was a prisoner of the State of Alaska.[2] Mr. Brown asserts that he met Mr. Carter when they were both incarcerated at the Central Arizona Detention Center in September 1999.

---

[1] Mr. Brown also filed an opposition to summary judgment at Docket 48, on which the Court takes no action because no motion for summary judgment has been filed in this case.

[2] Docket 1-1 at 2. The original Complaint included negligence and breach of contract claims, but as further detailed herein the Ninth Circuit Court of Appeals affirmed the Court's dismissal of all but the wrongful death claim.

Mr. Brown asserts that CCA provided inadequate medical care to Mr. Carter while he was incarcerated in Arizona that "led to [Mr. Carter's] eventual death."[3] The facts, as alleged in the Complaint and accepted as true for purposes of this motion, are as follows:

In 2007 and 2008, Mr. Carter was incarcerated at Red Rock Correctional Center, a CCA-operated prison facility for Alaska prisoners in Eloy, Arizona.[4] In April 2007, Mr. Carter reported to the prison medical staff with painful and frequent urination. Mr. Carter was treated for a urinary tract infection for several months but was eventually determined to be suffering from bladder carcinoma. On March 13, 2008, medical personnel "remov[ed] the carcinomatous lesions," but did not remove Mr. Carter's bladder.[5] Mr. Carter continued to receive medical treatment for his bladder carcinoma after this procedure.[6]

CCA's supplement to its first Motion to Dismiss at Docket 8 includes a copy of Mr. Carter's death certificate, of which this Court has previously taken judicial notice.[7] The certificate indicates that Mr. Carter died on October 7, 2010 in Colorado, and identifies "sepsis" and "urothelial cell carcinoma of the bladder" as the immediate causes of death.[8]

---

[3] Docket 1-1 at 6.

[4] Docket 1-1 at 2. At some point after that time, Mr. Carter was moved to a facility in Hudson, Colorado (where Mr. Carter's death certificate indicates he died) and no longer treated by CCA health care providers. Docket 1-1 at 2; Docket 4 at 3, n.4.

[5] Docket 1-1 at 6.

[6] See Dockets 7-3, 7-4, 7-5 (medical records).

[7] See Docket 20 (Order) at 2.

[8] Docket 8-3 at 1. Sepsis is the presence of various pathogenic organisms, or their toxins, in the blood or tissues. *PDR Medical Dictionary* 1749 (3rd. ed. 2006).

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order re Motion to Dismiss
Page 2 of 16

Mr. Brown alleges that "[t]he preliminary report dated [March 13, 2008] made no mention of any offer of alternative treatment to fulguration or even if there was an alternative." He alleges that Mr. Carter had previously "decided that . . . complete bladder removal was the only sensible option" and that had Mr. Carter been provided a choice as to the method of treatment to be administered in March 2008, he would have chosen "complete bladder removal . . . ." Mr. Brown alleges that this choice "would not have resulted in a chain of events that led to [Mr. Carter's] eventual death."[9]

Mr. Brown filed the Complaint that initiated this action, together with a petition to proceed as Next Friend for Mr. Carter, in Alaska superior court.[10] It appears that Mr. Brown initially submitted the Complaint to the state court on September 26, 2012, because it bears his signature dated September 20, 2012 and an unsigned, crossed-out date stamp from the state court dated September 26, 2012. There is another date stamp on the Complaint that is initialed by a deputy clerk at the state court; its date is not legibly reproduced, but the concurrently-filed documents are dated October 29, 2012.[11] On November 27, 2012, the state court issued an order appointing Mr. Brown as a "special administrator" of Mr. Carter's estate.[12] With that order, the state court granted Mr. Brown "limited authority to file a complaint on behalf of the Estate, alleging the negligence and medical malpractice and related claims concerning the treatment of Mr. Carter in the period before his death." The order also accepted the Complaint that Mr. Brown had

---

[9] Docket 1-1 at 6.

[10] Dockets 1-1, 8-1.

[11] *See* Docket 7-8 (Petition).

[12] Docket 15-2 (state court Order) at 4.

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order re Motion to Dismiss
Page 3 of 16

previously lodged as that Complaint.[13] Perhaps this explains why there is also in the record a copy of the Complaint that it appears was filed in the state court on December 13, 2012.[14] The Complaint asserted negligence, wrongful death, and breach of contract claims and sought compensatory and punitive damages.

CCA removed this action to federal court on January 3, 2013.[15] CCA then moved for dismissal based on two separate arguments: (1) that the applicable statutes of limitations barred Mr. Brown's actions; and (2) that Mr. Brown lacked standing to assert claims on behalf of Mr. Carter.[16] CCA asserted in the motion that "Plaintiff did not file this lawsuit until approximately December 13, 2012."[17] In his response, Mr. Brown conceded that "it would appear that the statute of limitations has indeed expired" on the negligence and breach of contracts claims, but appeared to maintain that the statute of limitations had not run on the wrongful death claim. He also asserted that the breach of contract and negligence claims should not be barred because they are "inextricably intertwined with the primary claim of Wrongful Death."[18]

The district court granted CCA's Motion to Dismiss on April 29, 2013, finding that the applicable statutes of limitations had run on all of Mr. Brown's claims, and declining

---

[13] Docket 7-10 (state court Order).

[14] Docket 7-2 at 9.

[15] Docket 1 (Notice of Removal).

[16] *See generally* Docket 4 (Motion).

[17] Docket 4 at 9.

[18] Docket 15 at 2.

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order re Motion to Dismiss
Page 4 of 16

to reach CCA's standing argument.[19]  Mr. Brown appealed the dismissal to the Ninth Circuit.[20]  The Court of Appeals affirmed the dismissal of Mr. Brown's breach of contract and negligence claims based on the statutes of limitations, expressly rejecting his "inextricably intertwined" argument.  But the Court of Appeals vacated the dismissal of Mr. Brown's wrongful death claim because "Brown filed the complaint on September 26, 2012."[21]  The Ninth Circuit panel remanded the case "for the district court to consider the standing issue in the first instance."[22]

## DISCUSSION

**I.     Jurisdiction**

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**II.    Choice of Law**

Mr. Brown and Mr. Carter were Alaska state prisoners incarcerated in Arizona and Colorado during the relevant time periods.  CCA's allegedly wrongful acts occurred in Arizona in 2007 and 2008, but he died in Colorado in 2010.  The date of Mr. Carter's transfer from Arizona to Colorado is not clear in the record before the Court.  On these facts, a conceivable argument could be made for the application of Alaska, Arizona, or

---

[19] Docket 20 (Order) at 4.

[20] Docket 22 (Notice of Appeal).

[21] Docket 32 (Memorandum) at 2–3; *see also Mullin v. State*, 996 P.2d 737, 740 (Alaska Ct. App. 2000) ("[T]he relevant event is the filing of the [complaint] itself—even if the prisoner fails to accompany the [complaint] with either a filing fee or an application for reduced fee.").  The USCA Mandate issued on June 1, 2015.  Docket 34.  The Supreme Court denied Mr. Brown's petition for a writ of certiorari on November 2, 2015.  Docket 50.

[22] *Id.*

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order re Motion to Dismiss
Page 5 of 16

Colorado law, although the parties have to this date briefed the motions under only Alaska substantive law.[23]

To determine the controlling substantive law, federal courts sitting in diversity apply the forum state's choice of law rules.[24] The Alaska Supreme Court generally looks to the Restatement (Second) of Conflict of Laws for guidance, and "[t]he Second Restatement requires a separate choice-of-law analysis for each issue presented."[25] Section 175 of the Restatement instructs that:

> In an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.[26]

Here, Mr. Carter died in Colorado, where he was incarcerated as an Alaska prisoner. But with regard to the issue of Mr. Brown's standing, Alaska has the most significant relationship. Mr. Brown filed this Complaint in Alaska state court; Mr. Carter was a prisoner of the State of Alaska; and Mr. Brown's standing in this case turns largely on the interpretation of an Alaska state court order defining Mr. Brown's relationship to

---

[23] *But see* Docket 4 at 6 n.5.

[24] *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002).

[25] *Savage Arms, Inc. v. Western Auto Supply Co.*, 18 P.3d 49, 53 (Alaska 2001).

[26] The § 6 factors include: (a) the needs of the interstate and international systems; (b) the relevant policies of the forum; (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (d) the protection of justified expectations; (e) the basic policies underlying the particular field of law; (f) certainty, predictability, and uniformity of result, and; (g) ease in the determination and application of the law to be applied.

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order re Motion to Dismiss
Page 6 of 16

Mr. Carter's estate. Accordingly, to the extent Mr. Brown's authority to maintain this action implicates state substantive law, the Court will apply Alaska law.

## III. Wrongful Death Action

"Alaska's wrongful death statute is a remedial statute designed to compensate those who have suffered a direct loss because of the tortiously caused death of a benefactor."[27] The action must be brought by the personal representative of the decedent's estate.[28] Appointment as a personal representative in this capacity involves a considerable amount of effort and information. AS 13.16.065 sets a priority among persons seeking appointment based on the applicants' relation to the estate: (1) a person nominated in a probated will; (2) a surviving spouse who is a devisee; (3) other devisees; (4) a surviving spouse; (5) other heirs; and (6) creditors. Pursuant to AS 13.16.080, applications for informal appointment must include, among other requirements: a statement of the interest of the applicant (who must appear to be an "interested person" as defined in AS 13.06.050); information regarding the decedent, death, and surviving relatives or devisees; a statement showing venue; a statement identifying any existing personal representatives; a statement regarding any demand for notice of any related probate proceeding; a statement that the three-year time limit for informal appointment [requiring appointment to be sought within three years of the date of death] has not expired or the tardiness is excused by AS 13.16.040; information pertaining to any will or testamentary instrument; and the priority of the person whose appointment is sought, and the names of any other persons have a prior or equal right to the appointment under AS

---

[27] *Hanebuth v. Bell Helicopter*, 694 P.2d 143, 145 (Alaska 1984).

[28] AS 09.55.580(a); *see also* AS 13.16.080–130, 13.16.245–440.

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order re Motion to Dismiss
Page 7 of 16

13.16.065. The applicant must also file a bond with the appointing court and a statement of acceptance of the office pursuant to AS 13.16.245. And the personal representative is liable to interested persons for damage or loss resulting from a breach of fiduciary duty.[29]

To succeed on a wrongful death claim, the personal representative must show that the death was caused by the wrongful act or omission of another.[30] In general, this involves proving: (1) the existence of a duty owed to the plaintiff's decedent; (2) a breach of that duty; and (3) proximate causation between the breach of duty and the death, resulting in damage.[31] However, "the mere failure, alone, to comply with the [duty] may not necessarily constitute negligence."[32] In this case, brought against CCA, the personal representative would need to prove that—even though Mr. Carter died of sepsis and urothelial cell carcinoma of the bladder more than two and a half years after the medical treatment that Mr. Brown alleges was negligent—CCA's violation of a duty related to the treatment was the proximate cause of Mr. Carter's death, and resulted in damages. Also, "[i]n medical malpractice actions . . . the jury ordinarily may find a breach of a professional duty only on the basis of expert testimony."[33]

---

[29] AS 13.16.395.

[30] *Id.*

[31] *See* Stuart M. Speiser, *Recovery for Wrongful Death* § 2.1 (4th ed. 2005), a treatise the Alaska Supreme Court has cited for general wrongful death principles. *See, e.g., Kulawik v. ERA Jet Alaska*, 820 P.2d 627, 631 (Alaska 1991). *See also L.D.G. v. Brown*, 211 P.3d 1110, 1119 (Alaska 2009) (generally, Alaska courts apply a two-part test to determine legal causation, asking first whether the harm would not have happened 'but for' the defendant's act or omission, then asking whether the act or omission was so important in bringing about the harm that reasonable individuals would regard it as a cause and attach responsibility to it).

[32] *Id.*

[33] *Hertz v. Beach*, 211 P.3d 668, 680 (Alaska 2009).

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order re Motion to Dismiss
Page 8 of 16

Although it is only a court-appointed personal representative who may bring the wrongful death claim, Alaska law also specifies who may receive any wrongful death damages that may be recovered. Under Alaska's wrongful death statute, statutory beneficiaries include a decedent's spouse, children, or other dependents.[34] Any amount recovered "shall be exclusively for the benefit of the decedent's spouse and children when the decedent is survived by a spouse or children, or other dependents."[35] The term "dependent" is narrowly defined to require "a showing 'of actual dependency for significant contributions of support over a sufficient period of time to justify the assumption that such contributions would have continued.'"[36] Mr. Carter's incarceration would typically preclude such a showing, even if statutory beneficiaries survive Mr. Carter. And grandchildren and adult children are usually not considered dependents in this context.[37]

If no statutory beneficiaries survive, any recovery "shall be administered as other personal property of the decedent but shall be limited to pecuniary loss."[38] Pecuniary loss is defined as "the probable value of the deceased's estate had he not prematurely expired less the actual value of the estate at death;" in other words, the net amount that Mr. Carter would have accumulated, had he lived, from October, 2010 through his

---

[34] AS 09.55.580(a).

[35] *Id.* Mr. Brown has alleged that he initiated this action in part "to secure financial security for [Mr. Carter's] two granddaughters." *See* Docket 7-8 (Petition) at 2, 3. But nothing in the record suggests the granddaughters meet the definition of dependents under Alaska wrongful death law.

[36] *City of Hooper Bay v. Bunyan*, 359 P.3d 972, 980 (Alaska 2015) (quoting *Greer Tank & Welding, Inc. v. Boettger*, 609 P.2d 548, 551 (Alaska 1980)).

[37] *See Millo v. Delius*, 872 F.Supp.2d 867, 875–79 (D. Alaska 2012).

[38] AS 09.55.580(a).

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order re Motion to Dismiss
Page 9 of 16

expected life span.[39] This amount would likely not be of significance during any time period of expected incarceration. And any such recovery would be subject to the rules governing valid claims of creditors and intestate succession.[40]

## IV. Motion to Dismiss

Defendant moves to dismiss Mr. Brown's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). CCA's argument is divided into two sections: (1) "Brown Lacks Standing to Bring These Claims," and (2) "Brown Fails to State a Claim for Wrongful Death."[41]

Regarding CCA's second argument, that Mr. Brown has "failed to meet the minimum pleading requirements for a wrongful death claim," the argument is without merit. The Ninth Circuit ruled that "the district court improperly dismissed the wrongful death claim."[42] However inartful Mr. Brown's pleading may be, he has raised a wrongful death claim.

Regarding the first argument, that Mr. Brown lacks standing to bring the wrongful death claim, the Court agrees: under Alaska law, only a court-appointed personal representative may bring a wrongful death action, and Mr. Brown has not demonstrated that he is Mr. Carter's personal representative. The Alaska wrongful death statute provides that "when the death of a person is caused by the wrongful act or omission of

---

[39] *See Osborne v. Russell*, 669 P.2d 550, 560 (Alaska 1983).

[40] *See Matter of Pushruk's Estate*, 562 P.2d 329, 332–33 & n.13 (Alaska 1977); AS 13.03–13.36.

[41] Docket 37 at 8, 15. The Court notes that some of CCA's arguments more accurately implicate Mr. Brown's capacity to sue under Federal Rule of Civil Procedure 17 rather than his standing as federal courts generally apply that term. To the extent CCA challenges Mr. Brown's capacity to sue, the Court construes those arguments as raised under Rule12(b)(6).

[42] Docket 32 at 2.

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order re Motion to Dismiss
Page 10 of 16

another, the personal representatives of the former may maintain an action against the latter, if the former might have maintained an action, had the person lived, against the former for an injury done by the same act or omission."[43] To become a personal representative in this context, Mr. Brown would need to "be appointed by order of the court or registrar, qualify, and be issued letters."[44] This involves compliance with the provisions partially summarized above and other mandatory conditions as set out in AS 13.16. Mr. Brown has not submitted any evidence that an Alaska court, or any other court, has appointed him personal representative, and the Court takes judicial notice that the Alaska state court system does not appear to include a probate case related to James E. Carter.[45]

Mr. Brown's assertion of "Next Friend" standing is of no avail to him, for regardless of whether he might meet the requirements for "Next Friend" standing in another type of case, an Alaska wrongful death action must be maintained by a court-appointed personal representative. Equally unavailing is Mr. Brown's assertion that he can maintain this action because of a "Power of Attorney" he submitted that purports to empower him to act on behalf of Mr. Carter and to "receive 50% of all settlements received from civil suits initiated and satisfactorily settled."[46] CCA strongly disputes the authenticity of this

---

[43] AS 09.55.580.

[44] AS 13.16.015.

[45] *See* Alaska Court System Courtview, http://www.courtrecords.alaska.gov/eservices/?x=0WoN-JopXBkz2wagFaimtw (last visited January 29, 2016). *See also Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, . . . including documents on file in federal or state courts." (internal citation omitted)).

[46] *See* Docket 43 (Power of Attorney).

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order re Motion to Dismiss
Page 11 of 16

document, but even if it is authentic it does not appoint Mr. Brown to be Mr. Carter's personal representative under Alaska law.[47]

Also unavailing is the Alaska superior court order that Mr. Brown asserts gives him legal authority to maintain the wrongful death action.[48] The Alaska superior court expressly indicated in that order that Mr. Brown "*is not the personal representative of Mr. Carter's estate*," and that the court was missing essential information regarding the state of Mr. Carter's affairs just before and after his death.[49] But the state court recognized that the claims brought by Mr. Brown might face immediate statute of limitations problems, and exercised its authority to appoint Mr. Brown as a special administrator "under emergent circumstances."[50] The court found it "prudent to allow Brown to file on behalf of the estate and then identify the interested parties and appoint *a proper personal representative*."[51]

Pursuant to AS 13.16.325, a special administrator appointed in this context "has the power of a general personal representative *except as limited* in the appointment and duties as prescribed in the order." In this case, the superior court clearly established the following limits on Mr. Brown's appointment:

> The Court construes Brown's petition to be one for the appointment of a special administrator. *The Petition to Proceed as Next Friend is GRANTED*

---

[47] The document appears to bear the Colorado notary stamp and signature of Michael R. Bylsma. But CCA submitted a declaration of Mr. Bylsma in which he swears under penalty of perjury that he had not previously seen the document, and he did not sign or notarize it. Docket 37-1 (Dec. of Bylsma).

[48] Docket 41 (Opp.) at 2.

[49] Docket 41-2 (superior court order).

[50] *See also* AS 13.16.310(2).

[51] Docket 41-2 at 4 (emphasis added).

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order re Motion to Dismiss
Page 12 of 16

> *in part. The Court is appointing Brown as the special administrator of the Estate of James E. Carter.*
>
> Brown shall have the limited authority to file a complaint on behalf of the Estate, alleging the negligence and medical malpractice and related claims concerning the treatment of Carter in the period before his death. . . . The court may later . . . . determine whether Brown is a "proper person" to pursue this claim further if there is no personal representative.[52]

The Court finds that the superior court specifically did not grant Mr. Brown standing to pursue this action: rather, he was accorded only the "limited authority to file a complaint" on behalf of the estate. The limited appointment was intended solely to preserve any valid claims that might otherwise expire under the statutes of limitations until they could be pursued by a proper personal representative. This Court finds that Mr. Brown is not a proper person to continue this action unless he has received an appointment as a personal representative. Accordingly, the superior court order does not establish standing for Mr. Brown. Mr. Brown's assertion that the Court must give the superior court order full faith and credit is of no avail to him, because this ruling is entirely consistent with the superior court's limited order.[53]

Even assuming the veracity of Mr. Brown's assertions, his allegations do not plausibly give rise to an entitlement to maintain this wrongful death action. Instead, the Court finds that Mr. Brown's action is still riddled with the same lack of essential information encountered by the Alaska superior court in November 2012. Lacking a proper personal representative, duly appointed by the state court, Mr. Brown's wrongful death complaint should be dismissed.

---

[52] Docket 41-2 at 4–5 (emphasis in the original).

[53] *See* Docket 41 (Opp.) at 2–3.

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order re Motion to Dismiss
Page 13 of 16

### V. Waiver

Mr. Brown asserts that CCA waived the ability to challenge the wrongful death claim by failing to do so in its initial motion to dismiss.[54] But the Ninth Circuit Court of Appeals directed this Court to consider Mr. Brown's standing to maintain the wrongful death claim in the first instance. Moreover, standing pertains to the Court's subject matter jurisdiction, which is fundamental and cannot be waived.[55] The Court is under a continuing duty to dismiss an action whenever it appears that the Court lacks subject matter jurisdiction.[56] Mr. Brown has not alleged sufficient facts to establish either capacity to sue or standing to maintain the wrongful death claim, as it appears that no case in the Alaska court system has appointed Mr. Brown as personal representative of Mr. Carter's estate. Therefore, Mr. Brown's complaint will be dismissed.

### VI. Fees and Costs

CCA requests fees and costs, asserting that Mr. Brown's claim of standing in this case is "based on a forged document," the purported Power of Attorney, rendering his claim "frivolous, devoid of good faith, and vexatious."[57] However, the Court finds that Mr. Brown's claim is based substantially on an incorrect interpretation of the Alaska superior court order, rather than the allegedly forged document, and that fees and costs are unwarranted because CCA has not demonstrated that the claim was brought in bad faith. Therefore, the request for fees and costs will be denied.

---

[54] Docket 41 at 3.

[55] *Billingsly v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989).

[56] *Id.*

[57] Docket 37 at 17.

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order re Motion to Dismiss
Page 14 of 16

**VII. Leave to Amend**

Even when a court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless the amendment would be futile.[58] However, "the Court is not required to engage in futile gestures by allowing amendments which are without legal basis or which would assert claims over which the Court does not have jurisdiction."[59] Accordingly, Mr. Brown's leave to amend will be conditioned on his coming forward with a court order appointing him as a Mr. Carter's personal representative.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that CCA's Motion to Dismiss Plaintiff's Complaint at Docket 37 is GRANTED in part and DENIED in part as follows:

1. Mr. Brown's Complaint at Docket 1-1 is DISMISSED with leave to amend.

2. On or before **March 4, 2016**, Mr. Brown shall file and serve an Amended Complaint demonstrating that he has been appointed as personal representative of Mr. Carter's estate. The Amended Complaint, if filed, must be complete in itself without reference to any earlier pleading.[60] It must include appended as an exhibit a copy of a valid order from a state court appointing him as personal representative of Mr. Carter's estate. It must plead only the wrongful death claim, and state, specifically, what CCA did or did not do which Mr. Brown believes constitutes a legal wrong, and what specific relief he seeks. The Amended Complaint must give **dates and facts** in support of the

---

[58] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[59] *United States v. Articles of Food…Clover Club Potato Chips*, 67 F.R.D. 419, 424 (D. Idaho 1975) (citing *Foman v. Davis*, 371 U.S. 178 (1962); *Howley v. United States*, 481 F.2d 1187 (9th. Cir. 1973)).

[60] *See* D.AK. LR 15.1(3).

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order re Motion to Dismiss
Page 15 of 16

claim, and state the facts **briefly and concisely**.  The facts must specifically allege how CCA caused Mr. Carter to die prematurely, and must **avoid stating conclusions**.[61]

3. If Mr. Brown fails to comply with this Order, this action may be dismissed without further notice.

4. CCA's request for fees and costs is DENIED, without prejudice to renew as warranted based upon future proceedings.

DATED at Anchorage, Alaska this 4th day of February, 2016.

*/s/ Sharon L. Gleason*
United States District Judge

---

[61] *See Ashcroft v. Iqbal*, 556 U.S. at 678-79.

3:13-cv-00001-SLG, *Brown v. Corrections Corp. of America*
Order re Motion to Dismiss
Page 16 of 16